Joe Netikosol, Esq. (SBN #302026)
Bochner PLLC
1040 Avenue of the Americas, 15th Floor
New York, NY 10018
(646) 971-0685
jnetikosol@bochner.law

*Attorneys for Plaintiff Modular Closets LLC*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Modular Closets LLC,<br><br>                     Plaintiff,<br><br>          v.<br><br>SL International, Inc. d/b/a Klair Living,<br>                     Defendant. | Case No.: 2:26-cv-4644<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Modular Closets LLC ("Modular Closets") hereby alleges for its Complaint against defendant SL International, Inc. d/b/a Klair Living ("Klair Living") on personal knowledge as to its own activities and on other information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

1.     This is an action for patent infringement under the laws of the United States, 35 U.S.C. §§ 100, *et seq*.

2. This action arises from Klair Living's import, manufacture, use, offer for sale, and sale in the United States of products—including Klair Living's various Prosper Wood Closet Systems—that infringe at least one of Modular Closets' design patents, including U.S. Design Pat. Nos. D791,518 and D776,465 (the "Asserted Patents").

## THE PARTIES

3. Modular Closets is a limited liability company that is registered in New Jersey and has its principal place of business at1985 Cedar Bridge Ave, Suite 2a, Lakewood, NJ 08701.

4. Upon information and belief, Klair Living is a corporation that is incorporated in California and has its principal place of business at 14115 Pontlavoy Ave, Santa Fe Springs, CA 90670.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Klair Living because, upon information and belief, Klair Living is a California corporation, has availed itself of the rights and benefits of the laws of California, has derived substantial revenue from the sales of its products in California, has systematic and continuous business contacts with California, and/or has a principal place of business in this District and has committed at least some of the infringing acts alleged herein in California.

7. Venue is proper pursuant to U.S.C. §§ 1391, 1400(b) at least because Klair Living has a regular and established place of business, is incorporated and/or has committed acts of infringement in this District.

COMPLAINT WITH JURY DEMAND

## FACTUAL BACKGROUND

### I. Modular Closets

8. Modular Closets is a New Jersey company that designs and manufactures customizable, DIY closet systems. Founded in 2015, the company focuses on providing affordable, modular storage solutions that homeowners can design online and assemble themselves.

9. Modular Closets continues to evolve and prioritize innovation in every aspect of its business. This includes innovations and advancements in modular storage, specifically in unique closet and storage designs.

10. Modular Closets has prioritized this innovation by obtaining protection for its unique closet and storage designs, including through a portfolio of design patents.

### II. Accused Products and Activities

11. Upon information and belief, Klair Living began selling its various Prosper Wood Closet Systems at least as early as February 10, 2024.

12. Upon information and belief, Klair Living is a furniture wholesaler that has imported, used, manufactured, sold, and offered for sale various Prosper Wood Closet Systems, which infringe Modular Closets' patents, including sales to and/or through Lowe's Companies, Inc. ("Lowe's").

13. Upon information and belief, Klair Living has imported, used, manufactured, sold, and offered for sale various Prosper Wood Closet Systems, which infringe Modular Closets' patents, including sales to and/or through The Home Depot, Inc. ("Home Depot").

COMPLAINT WITH JURY DEMAND

14. Upon information and belief, Klair Living has imported, used, manufactured, sold, and offered for sale various Prosper Wood Closet Systems, which infringe Modular Closets' patents, including sales to and/or through Amazon.com, Inc. ("Amazon").

15. Upon information and belief, Klair Living has imported, used, manufactured, sold, and offered for sale various Prosper Wood Closet Systems, which infringe Modular Closets' patents, including sales to and/or through OJCommerce, LLC ("OJCommerce").

16. Modular Closets sent a demand letter dated February 23, 2026 to Home Depot ("Home Depot Demand Letter"), providing Home Depot with notice of infringement of Modular Closets' patent rights and demanding that Home Depot cease and desist from the sale and offer for sale of the various Prosper Wood Closet Systems.

17. On February 26, 2026, Home Depot acknowledged receipt of the Home Depot Demand Letter and stated that it had contacted Klair Living regarding the alleged infringement, noting that Klair Living would handle the matter going forward.

18. Modular Closets sent a demand letter dated February 23, 2026 to Lowe's ("Lowe's Demand Letter"), providing Lowe's with notice of infringement of Modular Closets' patent rights and demanding that Lowe's cease and desist from the sale and offer for sale of the various Prosper Wood Closet Systems.

19. On February 26, 2026, Lowe's acknowledged receipt of the Lowe's Demand Letter.

COMPLAINT WITH JURY DEMAND

20.     On March 11, 2026, Klair Living sent a response letter ("Klair Living's Response") acknowledging the Lowe's Demand Letter and denying its various Prosper Wood Closet Systems infringe Modular Closets' patents.

21.     On March 25, 2026, Modular Closets responded to Klair Living's Response, further contending that Klair Living's various Prosper Wood Closet Systems infringe on Modular Closets' patents.

22.     On April 17, 2026, Klair Living responded to Modular Closets' further contentions, denying the alleged infringement.

23.     Klair Living imports, makes, uses, offers for sale, and/or sells products in the United States that infringe the '518 Patent.

24.     For example, as shown below, Klair Living imports, makes, uses, offers for sale, and/or sells its Prosper 32" Oak Wood Closet System, Model No. Prosper-E Oak, including, but not limited to, several other products and color variations that incorporate the Prosper 32" Oak Wood Closet System (collectively, the "'518 Accused Products ").[1]

---

[1] Prosper 128" Gray Freestanding-Sheld Walk-in Wood Closet System; Prosper 128" Freestanding-Sheld Walk-in Wood Closet System; Prosper 160" Freestanding-Sheld Walk-in Wood Closet System; Prosper 96" Freestanding-Sheld Walk-in Wood Closet System; Prosper 96" Gray Freestanding-Sheld Walk-in Wood Closet System; Prosper 128" White Freestanding-Sheld Walk-in Wood Closet System; ; Prosper 94.6" Freestanding-Sheld Walk-in Wood Closet System; Prosper 32" White Oak Wood Closet System; Prosper 32" Gray Oak Wood Closet System.

5

COMPLAINT WITH JURY DEMAND



25.    Upon information and belief, Klair Living imports, uses, manufactures, sells, and offers the '518 Accused Products for sale to and/or through Lowe's.

26.    Upon information and belief, Klair Living imports, uses, manufactures, sells, and offers the '518 Accused Products for sale to and/or through Home Depot.

27.    Upon information and belief, Klair Living imports, uses, manufactures, sells, and offers the '518 Accused Products for sale through Amazon.

28.    Upon information and belief, Klair Living imports, uses, manufactures, sells, and offers the '518 Accused Products for sale to and/or through OJCommerce.

29.    Klair Living imports, makes, uses, offers for sale, and/or sells products in the United States that infringe the '465 Patent.

COMPLAINT WITH JURY DEMAND

30.     For example, as shown below, Klair Living imports, makes, uses, offers for sale, and/or sells its Prosper 32" Oak Wood 2 Rods Closet System, Model No. Prosper-A Oak, including, but not limited to, several other products and color variations that incorporate the Prosper 32" Oak Wood 2 Rods Closet System (collectively, the "'465 Accused Products[2]").[3]



---

[2] Prosper 128" Gray Freestanding-Sheld Walk-in Wood Closet System; Prosper 128" Freestanding-Sheld Walk-in Wood Closet System; Prosper 160" Freestanding-Sheld Walk-in Wood Closet System; Prosper 96" Freestanding-Sheld Walk-in Wood Closet System; Prosper 96" Gray Freestanding-Sheld Walk-in Wood Closet System; Prosper 128" White Freestanding-Sheld Walk-in Wood Closet System; Prosper 94.5" Freestanding-Sheld Walk-in Wood Closet System; Prosper 32" White Oak Wood 2 Rods Closet System; Prosper 32" Gray Oak Wood 2 Rods Closet System.
[3] The '518 Accused Products and the '465 Accused Products may overlap to the extent that certain accused products include modular closet sections claimed in both the '518 and '465 Patents.

COMPLAINT WITH JURY DEMAND

31.     Upon information and belief, Klair Living imports, uses, manufactures, sells, and offers the '465 Accused Products for sale to and/or through Lowe's.

32.     Upon information and belief, Klair Living imports, uses, manufactures, sells, and offers the '465 Accused Products for sale to and/or through Home Depot.

33.     Upon information and belief, Klair Living imports, uses, manufactures, sells, and offers the '465 Accused Products for sale through Amazon.

34.     Upon information and belief, Klair Living imports, uses, manufactures, sells, and offers the '465 Accused Products for sale to and/or through OJCommerce.

## THE ASSERTED PATENTS

35.     U.S. Patent No. D791,518 (the "'518 Patent"), entitled "MODULAR CLOSET SECTION," was duly issued on July 11, 2017. A copy of the '518 Patent is attached as Exhibit A.

36.     The '518 Patent is valid and enforceable and is entitled to a presumption of validity under 35 U.S.C. § 282.

37.     The '518 Patent discloses and claims a new ornamental design for a modular closet section, as shown and described in the following figure:

COMPLAINT WITH JURY DEMAND



FIG. 1

38.     Modular Closets is the sole owner by assignment of all rights, title, and interest in and to the '518 Patent, including all rights to recover for any and all infringement of the '518 Patent.

39.     U.S. Patent No. D776,465 (the "'465 Patent"), entitled "MODULAR CLOSET SECTION WITH HANGING BAR," was duly issued on January 17, 2017. A copy of the '518 Patent is attached as Exhibit B.

40.     The '465 Patent is valid and enforceable and is entitled to a presumption of validity under 35 U.S.C. § 282.

41.     The '465 Patent discloses and claims a new ornamental design for a modular closet section with a hanging bar, as shown and described in the following figure:

COMPLAINT WITH JURY DEMAND

42.    Modular Closets is the sole owner by assignment of all rights, title, and interest in and to the '465 Patent, including all rights to recover for any and all infringement of the '465 Patent.

## COUNT I: INFRINGEMENT OF THE '518 PATENT

43.    Modular Closets repeats and realleges all previous paragraphs as if fully incorporated herein.

44.    Klair Living, without any authorization or license from Modular Closets, has knowingly and willfully manufactured, offered for sale, sold, and/or imported into the United States for subsequent resale or use of the same product that infringes directly and/or indirectly the '518 Patent, in violation of 35 U.S.C. § 271(a).

COMPLAINT WITH JURY DEMAND

45. The '518 Accused Products used, sold, and manufactured by Klair Living incorporates each of the design elements claims of the '518 Patent so as to cause an ordinary observer and purchaser to confuse the '518 Accused Products for those made, offered for sale, and sold by Modular Closets under the '518 Patent. Accordingly, each of the '518 Accused Products being manufactured or sold by Klair Living infringes the '518 Patent.

46. Specifically, Klair Living offers for sale, sells, and/or imports into the United States for subsequent resale or use the '518 Accused Products, which directly and/or indirectly infringe the ornamental design claimed in the '518 Patent, either literally or under the doctrine of equivalents, because, in the eye of an ordinary observer giving such attention as a purchaser usually gives, the design of the '518 Patent and each of the '518 Accused Products sold or manufactured by Klair Living are substantially the same.

47. As shown below, the '518 Accused Products include a modular closet section that is virtually identical the design of the '518 Patent.

COMPLAINT WITH JURY DEMAND

| The '518 Patent | '518 Accused Products |
|---|---|
|  | |

FIG. 1

48.    As another example, shown below, the design of the '518 Patent and the First Accused Product are annotated to highlight the similarities of the overall ornamental appearances between the '518 Accused Products and the design of the '518 Patent.

COMPLAINT WITH JURY DEMAND

The '518 Patent (annotated)                    '518 Accused Products (annotated)





49.    Since learning of the '518 Patent, at least on or about February 26, 2026, and by failing to cease the offering of the '518 Accused Products, Klair Living has knowingly and intentionally induced others in this judicial district and throughout the United States, including but not limited to Klair Living customers, Lowe's, and Lowe's customers to directly and/or indirectly infringe the '518 Patent.

50.    Klair Living does so, inter alia, by selling and/or manufacturing the '518 Accused Products for Lowe's use and resale of the '518 Accused Products.

51.    Since learning of the '518 Patent, at least on or about February 26, 2026, and by failing to cease the offering of the '518 Accused Products, Klair Living has knowingly and intentionally induced others in this judicial district and

COMPLAINT WITH JURY DEMAND

throughout the United States, including but not limited to Home Depot and Home Depot's customers to directly and/or indirectly infringe the '518 Patent.

52. Klair Living does so, inter alia, by selling and/or manufacturing the '518 Accused Products for Home Depot's use and resale of the '518 Accused Products.

53. Since learning of the '518 Patent, at least on or about February 26, 2026, and by failing to cease the offering of the '518 Accused Products, Klair Living has knowingly and intentionally induced others in this judicial district and throughout the United States, including but not limited to Amazon and Amazon's customers to directly and/or indirectly infringe the '518 Patent.

54. Klair Living does so, inter alia, by selling and/or manufacturing the '518 Accused Products for Amazon's use and resale of the '518 Accused Products.

55. Since learning of the '518 Patent, at least on or about February 26, 2026, and by failing to cease the offering of the '518 Accused Products , Klair Living has knowingly and intentionally induced others in this judicial district and throughout the United States, including but not limited to OJCommerce and OJCommerce's customers to directly and/or indirectly infringe the '518 Patent.

56. Klair Living does so, inter alia, by selling and/or manufacturing the '518 Accused Products for OJCommerce's use and resale of the '518 Accused Products.

57. As a direct and proximate result of Klair Living's infringement, Modular Closets has suffered irreparable harm, monetary damage, and other damages in the amount to be determined. Klair Living's infringement of the '518 Patent, including such acts in the State of California, has harmed and continues to irreparably harm Modular Closets. Klair Living's wrongful conduct has caused

COMPLAINT WITH JURY DEMAND

Modular Closets to suffer irreparable harm resulting from the loss of Modular Closets' lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented design. Klair Living's infringing conduct has also caused Modular Closets to suffer lost sales and lost profits.

58.    Modular Closets is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Klair Living is preliminary and permanently enjoined by this Court from continuing their infringement of the '518 Patent, Modular Closets will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

59.    Modular Closets is entitled to recover all damages allowable under the patent laws, including those damages adequate to compensate for the infringement, pursuant to 35 U.S.C. §§ 284 and 289, but in no event less than a reasonable royalty.

60.    Klair Living's infringement has been deliberate, willful, intentional, egregious, and with knowledge of the '518 Patent, at least as of on or about February 26, 2026, such that Modular Closets is entitled to recover treble damages, attorneys' fees, and other expenses of litigation pursuant to 35 U.S.C. §§ 285 and 284.

## COUNT II: INFRINGEMENT OF THE '465 PATENT

61.    Modular Closets repeats and realleges all previous paragraphs as if fully incorporated herein.

62.    Klair Living, without any authorization or license from Modular Closets, has knowingly and willfully manufactured, offered for sale, sold, and/or imported into the United States for subsequent resale or use of the same product that infringes directly and/or indirectly the '465 Patent, in violation of 35 U.S.C. § 271(a).

63.　The '465 Accused Products used, sold, and manufactured by Klair Living incorporates each of the design elements claims of the '465 Patent so as to cause an ordinary observer and purchaser to confuse the '465 Accused Products for those made, offered for sale, and sold by Modular Closets under the '465 Patent. Accordingly, each of the '465 Accused Products being manufactured or sold by Klair Living infringes the '465 Patent.

64.　Specifically, Klair Living offers for sale, sells, and/or imports into the United States for subsequent resale or use the '465 Accused Products, which directly and/or indirectly infringe the ornamental design claimed in the '465 Patent, either literally or under the doctrine of equivalents, because, in the eye of an ordinary observer giving such attention as a purchaser usually gives, the design of the '465 Patent and each of the '465 Accused Products sold or manufactured by Klair Living are substantially the same.

65.　As shown below, the '465 Accused Products include a modular closet section that is virtually identical the design of the '465 Patent.

COMPLAINT WITH JURY DEMAND

| The '465 Patent | '465 Accused Products |
|---|---|
|  |  |

66.    As another example, shown below, the design of the '465 Patent and the '465 Accused Product are annotated to highlight the similarities of the overall ornamental appearances between the '465 Accused Products and the design of the '465 Patent.

COMPLAINT WITH JURY DEMAND

| The '465 Patent (annotated) | '465 Accused Products (annotated) |
|---|---|



67. Since learning of the '465 Patent, at least on or about February 26, 2026, and by failing to cease the offering of the '465 Accused Products, Klair Living has knowingly and intentionally induced others in this judicial district and throughout the United States, including but not limited to Klair Living customers, Lowe's, and Lowe's customers to directly and/or indirectly infringe the '465 Patent.

68. Klair Living does so, inter alia, by selling and/or manufacturing the '465 Accused Products for Lowe's use and resale of the '465 Accused Products.

69. Since learning of the '465 Patent, at least on or about February 26, 2026, and by failing to cease the offering of the '465 Accused Products, Klair Living has knowingly and intentionally induced others in this judicial district and throughout the United States, including but not limited to Home Depot and Home Depot's customers to directly and/or indirectly infringe the '465 Patent.

70.    Klair Living does so, inter alia, by selling and/or manufacturing the '465 Accused Products for Home Depot's use and resale of the '465 Accused Products.

71.    Since learning of the '465 Patent, at least on or about February 26, 2026, and by failing to cease the offering of the '465 Accused Products, Klair Living has knowingly and intentionally induced others in this judicial district and throughout the United States, including but not limited to Amazon and Amazon's customers to directly and/or indirectly infringe the '465 Patent.

72.    Klair Living does so, inter alia, by selling and/or manufacturing the '465 Accused Products for Amazon's use and resale of the '465 Accused Products.

73.    Since learning of the '465 Patent, at least on or about February 26, 2026, and by failing to cease the offering of the '465 Accused Products, Klair Living has knowingly and intentionally induced others in this judicial district and throughout the United States, including but not limited to OJCommerce and OJCommerce's customers to directly and/or indirectly infringe the '465 Patent.

74.    Klair Living does so, inter alia, by selling and/or manufacturing the '465 Accused Products for OJCommerce's use and resale of the '465 Accused Products.

75.    As a direct and proximate result of Klair Living's infringement, Modular Closets has suffered irreparable harm, monetary damage, and other damages in the amount to be determined. Klair Living's infringement of the '465 Patent, including such acts in the State of California, has harmed and continues to irreparably harm Modular Closets. Klair Living's wrongful conduct has caused Modular Closets to suffer irreparable harm resulting from the loss of Modular Closets' lawful patent rights to exclude others from making, using, selling, offering

19

COMPLAINT WITH JURY DEMAND

for sale, and importing the patented design. Klair Living's infringing conduct has also caused Modular Closets to suffer lost sales and lost profits.

76.   Modular Closets is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Klair Living is preliminary and permanently enjoined by this Court from continuing their infringement of the '465 Patent, Modular Closets will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

77.   Modular Closets is entitled to recover all damages allowable under the patent laws, including those damages adequate to compensate for the infringement, pursuant to 35 U.S.C. §§ 284 and 289, but in no event less than a reasonable royalty.

78.   Klair Living's infringement has been deliberate, willful, intentional, egregious, and with knowledge of the '465 Patent, at least as of on or about February 26, 2026, such that Modular Closets is entitled to recover treble damages, attorneys' fees, and other expenses of litigation pursuant to 35 U.S.C. §§ 285 and 284.

## JURY DEMAND

79.   Modular Closets requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Modular Closets respectfully requests that this Court:

a)   Grant judgment in favor of Modular Closets and against Klair Living on all of Modular Closets' claims, including adjudging that Klair Living has infringed, actively induced infringement of the Asserted Patents;

b)   Order Klair Living to account and pay damages adequate to compensate Modular Closets for Klair Living's infringement of the Asserted Patents, including

for any infringing acts not presented in trial and pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

c)    Increase the amount of damages and/or profits awarded to Modular Closets, as provided by law, including but not limited to ordering an accounting for any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

d)    Increase the damages awarded to Modular Closets up to three times the amount found to be the actual damages as authorized by 35 U.S.C. § 284;

e)    Award Modular Closets the fees, costs, and disbursements, and interest, expended in connection with any actions taken to investigate and confirm the claims made herein;

f)    Declare this case exceptional and award Modular Closets its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

g)    Awarding such other and further relief as this Court deems just and proper.


Dated: April 30, 2026                    Respectfully submitted,

                    By:    /s/ Joe Netikosol
                           Joe Netikosol, Esq. (SBN #302026)
                           **BOCHNER PLLC**
                           1040 Avenue of the Americas, 15th Floor
                           New York, New York 10018
                           646-971-0685
                           jnetikosol@bochner.law

                           *Attorneys for Plaintiff Modular Closets LLC*

COMPLAINT WITH JURY DEMAND